# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CASE NO. 1:21-cv-0023-MR

| | |
|---|---|
| JEREMY MICHAEL RANDALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ) | |
| EDDIE M. BUFFALOE, Jr., Secretary ) | |
| of Department of Public Safety,[1] ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on initial review of the Petition for Writ of Habeas Corpus filed by Petitioner Jeremy Michael Randall pursuant to 28 U.S.C. § 2254 on January 26, 2021. [Doc. 1].

**I. BACKGROUND**

Jeremy Michael Randall (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner is currently serving a sentence of 240-297 months of incarceration following a conviction of one count of first-degree

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. North Carolina law mandates that the Secretary of the Department of Public Safety is the custodian of all state inmates and has the power to control and transfer them. See N.C. Gen. Stat. § 148-4 (2017) ("The Secretary of Public Safety shall have control and custody of all prisoners serving sentence in the State prison system[.]"). Accordingly, Eddie M. Buffaloe, Jr., the current Secretary of the North Carolina Department of Public Safety, is the proper respondent in this action.

rape, six counts of statutory rape, and eleven counts of first-degree rape of a child entered on October 27, 2008 in Buncombe County Superior Court. [Doc. 1 at 1]. The Petitioner pleaded guilty to the charges in exchange for his sentence and did not seek appellate review. [Id. at 1-2].

The Petitioner filed a Motion for Appropriate Relief ("MAR") in the Buncombe County Superior Court on June 19, 2020 on grounds that counsel was ineffective, that his conviction was obtained by coercion; and that the state failed to disclose favorable evidence. [Id. at 3]. The MAR was denied on July 6, 2020. [Id. at 3-4]. The Petitioner sought appellate review in the North Carolina Court of Appeals which was denied on August 20, 2020. [Id. at 5, 7].

The Petitioner filed this § 2254 Petition for Writ of Habeas Corpus on January 26, 2021 and raises the following grounds: (1) conviction obtained by coercion and denial of counsel at critical stage of proceedings; (2) the state failed to disclose favorable evidence to the Petitioner; and (3) defective indictment due to illegally obtained confession. [Id.].

## II. DISCUSSION

The Petitioner's § 2254 Petition for Writ of Habeas Corpus appears to be untimely filed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

2

provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The limitation period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Because the Petitioner pleaded guilty and did not file a direct appeal, his conviction became final on November 10, 2008, fourteen days after his October 27, 2008 conviction. See N.C. R.App. 4(a)(2)(providing 14 days in which to seek appellate review of criminal judgment and conviction). The one-year statute of limitations contained in the AEDPA then began running

for 365 days until it expired on or about November 10, 2009. See 28 U.S.C. § 2244(d)(1).

The one-year limitation period for seeking § 2254 review may be tolled during the time of a "properly filed application for State post-conviction action." 28 U.S.C. § 2244(d)(2). However, the Petitioner's post-conviction MAR did not toll the one-year limitations period because it was not filed until June 2020---after the limitations period had already expired and more than ten years after the Petitioner's judgment and conviction became final. [Doc. 1 at 3]. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000)(recognizing that state applications for collateral review cannot revive an already expired federal limitations period). Therefore, the Petitioner's § 2254 petition filed in this Court on January 26, 2021 was well beyond the statute of limitations and is subject to dismissal unless the Petitioner can show that he is entitled to statutory or equitable tolling.

The Petitioner states that his petition is timely because he filed and was denied a "request to locate and preserve evidence to be DNA tested" which the North Carolina Court of Appeals affirmed on March 17, 2020. [Doc. 1 at 15-16]. The Petitioner attaches a copy of the appellate order, which addresses his July 24, 2018 "Motion to Locate and Preserve Evidence" filed in Buncombe County Superior Court. [Doc. 1-4]. However, this post-

conviction motion was also filed well beyond the limitations period and would not serve to excuse any delay for seeking § 2254 relief in this Court. As such, the Court will grant the Petitioner 21 days in which to explain why this matter should not be dismissed as untimely. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that:

(1) The Petitioner shall, within 21 days of entry of this Order, file a document explaining why his § 2254 Petition for Writ of Habeas Corpus should not be dismissed as untimely, including any reasons why statutory or equitable tolling should apply. The Petitioner's failure to comply with this Order may result in the dismissal of the Petition without further notice.

(2) The Clerk of Court is respectfully directed to substitute Eddie M. Buffaloe, Jr., Secretary of the North Carolina Department of Public Safety, as the respondent in this action.

**IT IS SO ORDERED.**

Signed: December 6, 2021

Martin Reidinger
Chief United States District Judge