UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:21-cv-0023-MR

| | |
|---|---|
| **JEREMY MICHAEL RANDALL,** ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ) <br> **EDDIE M. BUFFALOE, Jr., Secretary** ) <br> **of Department of Public Safety,** ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** comes before the Court upon the Response filed by the Petitioner on December 17, 2021 [Doc. 6], following this Court's Order directing the Petitioner to address why his §2254 petition should not be dismissed as untimely [Doc. 5].

**I.  BACKGROUND**

Jeremy Michael Randall (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner is currently serving a sentence of 240-297 months of incarceration following a conviction of one count of first-degree rape, six counts of statutory rape, and eleven counts of first-degree rape of a child entered on October 27, 2008 in Buncombe County Superior Court. [Doc. 1 at 1]. The Petitioner pleaded guilty to the charges in exchange for

his sentence and did not seek appellate review. [Id. at 1-2].

The Petitioner filed a Motion for Appropriate Relief ("MAR") in the Buncombe County Superior Court on June 19, 2020 on grounds that counsel was ineffective, that his conviction was obtained by coercion/illegally obtained confession; and that the state failed to disclose favorable evidence. [Id. at 3]. The MAR was denied on July 6, 2020. [Id. at 3-4]. The Petitioner states that he then sought appellate review in the North Carolina Court of Appeals which was denied on August 20, 2020. [Id. at 5, 7].

The Petitioner filed this Petition for Writ of Habeas Corpus on January 26, 2021. [Doc. 1]. Following this Court's initial review of the petition, the Court entered an Order directing the Petitioner to show cause why the petition should not be dismissed as untimely. [Doc. 5]. The Petitioner filed his Response to the Court's Order on December 17, 2021. [Doc. 6].

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitation period is tolled during the pendency of a properly filed application for State post-conviction action. 28 U.S.C. § 2244(d)(2).

Because the Petitioner pleaded guilty and did not file a direct appeal, his conviction became final on November 10, 2008, fourteen days after his October 27, 2008 conviction. See N.C.R.App. 4(a)(2)(providing 14 days in which to seek appellate review of criminal judgment and conviction). The one-year statute of limitations contained in the AEDPA then began running for 365 days until it expired on or about November 10, 2009. See 28 U.S.C. § 2244(d)(1). Although the Petitioner filed a MAR in state court seeking post-conviction review, he did not do so until June 2020—more than ten years after his judgment and conviction became final. [Doc. 1 at 3]. Therefore, the MAR did not toll the one-year limitations period because it was filed after the

3

limitations period already expired.  See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000)(recognizing that state applications for collateral review cannot revive an already expired federal limitations period).

In his Response addressing the timeliness of his § 2254 petition, the Petitioner states that the North Carolina Department of Public Safety decided to remove all libraries from its correctional institutions, thereby denying inmates access to case law, statutory language, and procedural protocols. [Doc. 6 at 1-2].  The Petitioner complains that the creation of the North Carolina Prisoner Legal Services, Inc. ("NCPLS") to serve as a replacement vehicle for inmates seeking post-conviction relief is inadequate. [Id. at 2]. The Petitioner claims that he has sought the assistance of the NCPLS since January 2010 and argues that had it discovered the constitutional violations that he later discovered on his own, his § 2254 petition, although possibly "still barely untimely," would have been filed by mid-2010. [Id. at 3].  The Petitioner also argues that his indigent status has prevented him from incurring costs of needed legal texts. [Id. at 3-4].

Equitable tolling of the statute of limitations for an otherwise untimely § 2254 petition may apply where the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing.  Holland v. Florida,

560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). Equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)(quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

The Petitioner has not met his burden to establish that statutory or equitable tolling applies to excuse the untimeliness of his § 2254 petition. The Petitioner does not allege sufficient facts that identify any extraordinary circumstances occurred to prevent him from timely filing his petition. The Petitioner's complaints concerning access to legal assistance, lack of legal knowledge, or access to law libraries does not constitute the type of extraordinary circumstances outside his control or egregious misconduct to warrant the application of equitable tolling. Garcia Negrete v. United States, 2020 WL 2041342, *2 (W.D.N.C. April 28, 2020). See also United States v. Sosa, 354 F.3d 507, 512 (4th Cir. 2004)(ignorance of the law does not provide a basis for equitable tolling); Buchnowski v. White, 2013 WL 171540, *3 (W.D.N.C. January 16, 2013)(absence of law libraries is not grounds for equitable tolling).

5

Case 1:21-cv-00023-MR   Document 10   Filed 09/27/22   Page 5 of 7

The Petitioner fails to show that he diligently pursued his rights and cannot satisfy his burden for equitable tolling. As such, the § 2254 petition shall be dismissed as untimely.

## III. CONCLUSION

For the reasons stated herein, the § 2254 Petition for Writ of Habeas Corpus [Doc. 1] shall be dismissed as untimely, as the Petitioner fails to establish that he is entitled to statutory or equitable tolling of the statute of limitations.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000)(holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**.

2. The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED.**

Signed: September 27, 2022

Martin Reidinger
Chief United States District Judge